847 So.2d 1196 (2003)
STATE of Louisiana
v.
Andrew J. JOSEPH, Jr.
No. 2003-K-315.
Supreme Court of Louisiana.
May 16, 2003.
PER CURIAM.
Granted. A defendant's failure to specify which pre-trial rulings he desires to reserve for appeal as part of a guilty plea entered pursuant to State v. Crosby, 338 So.2d 584 (La.1976), may limit the scope of appellate review but should not preclude review altogether. See Crosby, 338 So.2d at 586 ("If we are not able to afford the accused their bargained-for appellate review, we must set aside the guilty pleas .... because of the non-performance of the plea bargain (or the impossibility of the state to perform it) by virtue of which the plea was obtained."); see also State v. Singleton, 614 So.2d 1242, 1243 (La. 1993)("To the extent that counsel also reserved appellate review of sentence as part of the guilty plea, denial of that review ... would jeopardize the voluntariness of those pleas."). Absent a detailed specification of which adverse pre-trial rulings the defendant reserved for appellate review as part of his guilty plea, an appellate court should presume that the trial court permitted a *1197 Crosby reservation no broader than necessary to effectuate the underlying purpose of conditional guilty pleas, i.e., to preserve review of evidentiary rulings which "go to the heart of the prosecution's case" that a defendant would otherwise waive by entering an unqualified guilty plea. Crosby, 338 So.2d at 591. Such rulings typically include denial of a motion to suppress evidence or a confession and exclude rulings which may affect the conduct of trial but "which do not substantially relate to guilt, such as the denial of a continuance or severance." Id. In the present case, to avoid jeopardizing the voluntariness of the defendant's guilty plea, the court of appeal should afford defendant review of the trial court's denial of his motion to suppress the evidence but need not address his second assignment of error relating to the trial court's denial of his motion for a continuance.