970 So.2d 1130 (2007)
STATE of Louisiana
v.
Robert WILLIAMS.
No. 07-KA-354.
Court of Appeal of Louisiana, Fifth Circuit.
October 30, 2007.
Paul D. Connick, Jr., District Attorney, Terry Boudreaux, Thomas J. ButlerAppellate Counsel, Laura S. SchneidauTrial Counsel, Assistant District Attorneys, Twenty-Fourth Judicial District, Parish of Jefferson, Gretna, Louisiana, for Appellee, State of Louisiana.
Martin E. Regan, Jr., Karla M. Baker, Attorneys at Law, New Orleans, Louisiana, for Appellant, Robert Williams.
Panel composed of Judges EDWARD A. DUFRESNE, JR., SUSAN M. CHEHARDY, and CLARENCE E. McMANUS.
SUSAN M. CHEHARDY, Judge.
On July 21, 2005, the Jefferson Parish District Attorney's Office charged Robert Williams by bill of information with possession of a firearm by a felon, in violation of La. R.S. 14:95.1. On July 22, 2005, defendant pled not guilty.
On January 26, 2006, defendant withdrew his former plea and entered a guilty plea, pursuant to North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), and State v. Crosby, 338 So.2d 584 (La.1976). That same day, defendant was sentenced to ten years at hard labor without benefit of parole, probation, or suspension of sentence and ordered to pay a $2,000 fine.
*1132 Facts
Because defendant's conviction was obtained as a result of a guilty plea, the facts and circumstances surrounding his offense are very limited. The arrest report shows that the police received several anonymous complaints that defendant was carrying a concealed weapon and "hanging around" an area known to the police as a high crime/high narcotic area. While the police were on patrol in the area, they spotted defendant. Defendant was stopped and a loaded .44 caliber handgun was found in the rear of his waistband. A subsequent computer check showed defendant had a 2001 conviction for simple burglary.
On appeal, defendant argues that the "trial court erred in denying the motion to continue, motion to suppress and the motion to enroll." First, on a procedural note, we point out that defendant failed to brief his claim that the trial court erred in denying his motion to enroll as counsel. Under U.R.C.A. Rule 2-12.4, all specifications or assignments of error must be briefed and the appellate court may consider as abandoned any specification or assignment of error that has not been briefed. Restating an assigned error in brief without argument or citation of authority does not constitute briefing. State v. Lauff, 06-717 (La.App. 5 Cir. 2/13/07), 953 So.2d 813, 819. Accordingly, we will not consider this claim.[1]
Next, we note that when defendant entered his guilty plea pursuant to Alford and Crosby, he failed to specify which pre-plea rulings he intended to reserve for appeal. In State v. Joseph, 03-315 (La.5/16/03), 847 So.2d 1196 (per curiam), the Louisiana Supreme Court held that a defendant's failure to specify which pretrial rulings he wishes to reserve for appeal as part of a guilty plea entered under Crosby may limit the scope of appellate review but does not preclude review altogether. The supreme court explained:
Absent a detailed specification of which adverse pre-trial rulings the defendant reserved for appellate review as part of his guilty plea, an appellate court should presume that the trial court permitted a Crosby reservation no broader than necessary to effectuate the underlying purpose of conditional guilty pleas, i.e., to preserve review of evidentiary rulings which "go to the heart of the prosecution's case" that a defendant would otherwise waive by entering an unqualified guilty plea.
State v. Joseph, supra, at 1196-97 (internal citations omitted). The supreme court stated that such rulings would include a motion to suppress the evidence but would "exclude rulings which may affect the conduct of trial but `which do not substantially relate to guilt, such as the denial of a continuance or severance.'" Id. at 1197. We will, therefore, address defendant's claim that the trial court erred in denying his motion to suppress statements.
In this claim, defendant argues that the trial court erred in denying his motion to suppress statement because defendant was "forced to plead guilty without knowing the nature of the [S]tate's evidence against him," which prevented defendant from knowingly determining that the State's evidence against him was overwhelming, as required by North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). Defendant presents no further argument and makes no showing of prejudice. The State responds that the trial court did not abuse its discretion in denying the motion to suppress statement, filed *1133 on the morning of trial, more than six months after arraignment, as untimely.
La.C.Cr.P. art. 521 requires that:
Pretrial motions shall be made or filed within fifteen days after arraignment, unless a different time is provided by law or fixed by the court at arraignment upon a showing of good cause why fifteen days is inadequate. Upon written motion at any time and a showing of good cause, the court shall allow additional time to file pretrial motions.
Further, La.C.Cr.P. art. 703 reads, in pertinent part:
B. A defendant may move on any constitutional ground to suppress a confession or statement of any nature made by the defendant.
C. A motion filed under the provisions of this Article must be filed in accordance with Article 521, unless opportunity therefor did not exist or neither the defendant nor his counsel was aware of the existence of the evidence or the ground of the motion, or unless the failure to file the motion was otherwise excusable. The court in its discretion may permit the filing of a motion to suppress at any time before or during the trial.
* * *
The record reflects that on the morning of trial, which began January 26, 2006, the trial court heard and initially denied a hearing on defendant's motion to suppress statement on the basis that the motion was untimely. At that point, the trial judge noted that defendant was arraigned on July 22, 2005. Further, the trial judge noted that, at two previous hearings on January 23, 2006 and January 25, 2006, defense counsel had not mentioned that he would be filing a motion to suppress. The record supports the trial judge's statements. We agree that these motions were untimely on their face.
We note, however, that the trial judge immediately thereafter agreed to consider the defendant's motion during trial after the police officer's testimony. It is within the court's discretion to allow the untimely filing of a motion to suppress. La.C.Cr.P. art. 703(C). The trial judge was not, however, given the chance to reconsider the motion to suppress statement during trial because the defendant pled guilty during trial. We will, thus, consider the trial court's denial of defendant's motion to suppress.
La C.Cr.P. art. 521 mandates the court to allow additional time to file pretrial motions "upon written motion at any time and a showing of good cause." Here, defendant did file his motion in writing on the morning of trial. The motion does not state reasons to make a showing of "good cause" for the late filing.
Further, La.C.Cr.P. art. 703(C) provides that pretrial motions shall be filed in accordance with La.C.Cr.P. art. 521 unless "neither the defendant nor his counsel was aware of the existence of the evidence or the ground of the motion, or unless the failure to file the motion was otherwise excusable." The record reflects that defense counsel was aware of the evidence that he sought to exclude for at least ten days before trial and definitely at the time of the two previous hearings in the matter. The record contains no other evidence that the failure to file was excusable. We cannot say that the trial judge abused his discretion in finding that the motion was untimely. Accordingly, this claim lacks merit.
Additionally, because defendant failed to specify which pre-plea ruling he intended to challenge, we will not review the denial of defendant's motion to continue *1134 trial. State v. Joseph, 03-315 (La.5/16/03), 847 So.2d 1196.
As is our practice, we have reviewed the record for errors patent, according to La. C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). We have found no errors that requires corrective action. Defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] Interestingly, the record reflects that the trial court did not deny defense counsel's motion to enroll but rather granted the motion to enroll on January 27, 2006.