STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

KA 07-1304


STATE OF LOUISIANA

VERSUS

TIHE D. CUMMINGS


**********
APPEAL FROM THE
SEVENTH JUDICIAL DISTRICT COURT
PARISH OF CATAHOULA, NO. 05-2432, 2433, 2434
HONORABLE KATHY A. JOHNSON, DISTRICT JUDGE
**********


**GLENN B. GREMILLION**
**JUDGE**

**********

Court composed of John D. Saunders, Glenn B. Gremillion, and Elizabeth A. Pickett, Judges.

**AFFIRMED.**


**Hon. John F. Johnson**
**District Attorney**
**Karla K. Shirley-McHand**
**Asst. District Attorney**
**301 Bushley Street**
**Harrisonburg, LA 71340**
**Counsel for Plaintiff/Appellee:**
        **State of Louisiana**

**Harold A. Murry**
**P. O. Box 506**
**Alexandria, LA 71309-0506**
**(318) 448-4441**
**Counsel for Defendant/Appellant:**
        **Tihe D. Cummings**

GREMILLION, Judge.

In this case, the defendant, Tihe D. Cummings, entered a *Crosby* guilty plea to attempted possession of cocaine, in violation of La.R.S 14:27 and La.R.S. 40:967, and to attempted possession of hydrocodone, in violation of La.R.S. 14:27 and La.R.S. 40:968. The trial court ordered him to serve two and a half years at hard labor and to pay a $750 fine for the attempted possession of cocaine conviction. The trial court then imposed the same sentence for the attempted possession of hydrocodone conviction. The sentences were to run concurrently, and Defendant was given credit for time served. The trial court then suspended the sentences and imposed two and a half years of supervised probation with both regular and special conditions. Defendant now appeals the trial court's denial of his motion to suppress evidence. For the following reasons, we affirm the trial court's denial of Defendant's motion to suppress and affirm his convictions.

**STATEMENT OF FACTS:**

At Defendant's guilty plea hearing, the State set forth the factual basis for the charges against Defendant. Members of the Catahoula Parish Sheriff's Department conducted a undercover drug buy from Defendant using a confidential informant. Based on that fact, a search warrant was applied for and granted by the judge. The search was executed the next day during which cocaine and Hydrocodone were found in Defendant's possession. There was also over $900 cash found in the residence.

1

## DISCUSSION

Defendant contests the trial court's denial of his motion to suppress. He complains that "[t]he trial court erred in withholding the statements of the defendant and in denying the defendant/appellant's Motion to Suppress." He also argues in brief that the trial court erred in denying his discovery request for a transcript of the recorded interaction between him and the State's confidential informant.

### TRANSCRIPT OF INTERACTION BETWEEN DEFENDANT AND CI

During the drug buy, the CI was wired with a recording device and the interaction between him and Defendant was recorded. Defendant claims he should be entitled to that recording. He asserts that the trial court should not be allowed to conduct *in camera* inspections of recorded statements in order to determine if they reveal the confidential informant's identity. Defendant also argues that the trial court should, at least, have provided him with an edited transcript of the tape.

The State responds that the trial court did not err in conducting an *in camera* review of the drug buy recording and withholding the evidence on the basis that it would reveal the confidential informant's identity. Under La.Code Evid. art. 514(A), the prosecution has the privilege to refuse disclosure of a confidential informant's identity. In order to overcome the privilege against disclosure, a defendant must clearly demonstrate that exceptional circumstances requiring the informant's testimony substantially outweigh the government's interest in preventing the disclosure. La.Code Evid. Art. 514(C)(3).[1] Accordingly, the State claims that

---

[1] La.Code Evid. art. 514 reads:

A. General rule of privilege. The United States, a state, or subdivision thereof has a privilege to refuse to disclose, and to protect another from required disclosure of, the identity of a

2

Defendant failed to meet his burden of proof because the confidential informant's testimony would only be required if the State had proceeded with the charge of distribution of cocaine rather than accepting the plea to the lesser offense of attempted possession of cocaine.

The State further urges that La.Code Crim.P. art. 716,[2] which Defendant

---

person who has furnished information in order to assist in an investigation of a possible violation of a criminal law.

B. Who may claim the privilege.  The privilege may be claimed by the prosecuting authority or an appropriate representative of the public entity to which the information was furnished.

C. Inapplicability of privilege.  No privilege shall be recognized if:

(1) The informer appears as a witness for the government and testifies with respect to matters previously disclosed in confidence.

(2) The identity of the informer has been disclosed to those who have cause to resent the communication by either the informer or the prosecution, or in a civil case, a person with authority to claim the privilege.

(3) The party seeking to overcome the privilege clearly demonstrates that the interest of the government in preventing disclosure is substantially outweighed by exceptional circumstances such that the informer's testimony is essential to the preparation of the defense or to a fair determination on the issue of guilt or innocence.

(4) In a criminal case, the prosecution objects.

D. Order to disclose identity.  If the court orders disclosure of the identity of an informer and the prosecution opposes the disclosure, the court:

(1) In a criminal case, shall enter one of the following orders exclusively:

(a) An order suppressing the evidence concerning which the identity of the informer has been ordered.

(b) An order declaring a mistrial.

(2) In a civil case, may make any order justice requires.

[2]  La.Code Crim.P. art. 716 reads:

A. Upon motion of the defendant, the court shall order the district attorney to permit or authorize the defendant to inspect and copy, photograph or otherwise reproduce any relevant written or recorded confession or statement of any nature, including recorded testimony before a grand jury,

(continued...)

cites in support of his arguments, does not apply to the type of document he is seeking; instead, it only applies to two very specific and limited types of documents: confessions and statements given by defendants to law enforcement personnel. The State claims that instead of Article 716, the applicable article is La.Code Crim.P. art. 718.[3] The State alleges that both it and the trial court have complied with the procedure set forth in Article 718. We find that after complying with Article 718, the trial court properly determined that Defendant was not entitled to the document: (1) because nothing contained therein is favorable to Defendant, (2) because Defendant failed to demonstrate that he was prejudiced by being denied the transcript, (3)

_____

[2](...continued)
or copy thereof, of the defendant in the possession, custody, control, or knowledge of the district attorney.

B. Upon motion of the defendant, the court shall order the district attorney to inform the defendant of the existence, but not the contents, of any oral confession or statement of any nature, made by the defendant, which the district attorney intends to offer in evidence at the trial, with the information as to when, where and to whom such oral confession or statement was made.

C. Upon motion of the defendant, the court shall order the district attorney to inform the defendant of the substance of any oral statement which the state intends to offer in evidence made by the defendant, whether before or after arrest, in response to interrogation by any person then known to the defendant to be a law enforcement officer.

[3] La.Code Crim.P. art. 718 reads:

Subject to the limitation of Article 723, on motion of the defendant, the court shall order the district attorney to permit or authorize the defendant to inspect, copy, examine, test scientifically, photograph, or otherwise reproduce books, papers, documents, photographs, tangible objects, buildings, places, or copies or portions thereof, which are within the possession, custody, or control of the state, and which:

(1) are favorable to the defendant and which are material and relevant to the issue of guilt or punishment, or

(2) are intended for use by the state as evidence at the trial, or

(3) were obtained from or belong to the defendant.

The court may determine whether evidence is subject to the provisions of Paragraph (1) hereof by in camera inspection.

because the State dropped the distribution charge against Defendant, (4) because the State does not intend to use either the transcript or the testimony of the CI as evidence at trial, and (5) most importantly, because the transcript of the transaction would likely reveal the CI's identity even if Defendant was provided with a copy wherein the CI's name had been blacked out.

Ordinarily, guilty pleas waive all pre-plea nonjurisdictional defects. *State v. Torres*, 281 So.2d 451 (La.1973). However, in *State v. Crosby*, 338 So.2d 584 (La.1976), the Louisiana Supreme Court set forth a rule allowing defendants to reserve the right to contest pre-plea defects as a condition of their guilty pleas. The *Crosby* court only extended this ruling to those "assignments of error specifically reserved at the time of the plea of guilty." *Id.* at 588.

When entering his guilty plea, Defendant only reserved the right to appeal the ruling on his motion to suppress; nowhere in the record of the hearings or in the guilty plea form did he mention that he was reserving the right to contest the trial court's ruling on his motions for discovery. Examination of the record reveals that this argument was presented to the trial court in his motions for discovery. As such, they do not arise from his motion to suppress evidence.

The trial court did not issue its final ruling on Defendant's motions for discovery of the confidential informant transcript until the second motion to suppress hearing, when the State provided the trial court with a transcribed copy of the tape for the trial court's *in camera* review. After reviewing the transcript, the trial court denied the defense discovery of the material on the basis that Defendant would be able to identify the confidential informant from the statements made during the

5

recorded conversation. We find that although this issue was addressed during the second part of the suppression hearing, it did not arise from the motion to suppress.

The supreme court has allowed review of judgments denying motions to suppress evidence when the defendant made a *Crosby* plea, but did not reserve any specific pre-trial rulings to contest:

> Granted. A defendant's failure to specify which pre-trial rulings he desires to reserve for appeal as part of a guilty plea entered pursuant to *State v. Crosby*, 338 So.2d 584 (La.1976), may limit the scope of appellate review but should not preclude review altogether. *See Crosby*, 338 So.2d at 586 ("If we are not able to afford the accused their bargained-for appellate review, we must set aside the guilty pleas . . . . because of the non-performance of the plea bargain (or the impossibility of the state to perform it) by virtue of which the plea was obtained."); *see also State v. Singleton*, 614 So.2d 1242, 1243 (La.1993)("To the extent that counsel also reserved appellate review of sentence as part of the guilty plea, denial of that review . . . would jeopardize the voluntariness of those pleas."). Absent a detailed specification of which adverse pre-trial rulings the defendant reserved for appellate review as part of his guilty plea, an appellate court should presume that the trial court permitted a *Crosby* reservation no broader than necessary to effectuate the underlying purpose of conditional guilty pleas, *i.e.*, to preserve review of evidentiary rulings which "go to the heart of the prosecution's case" that a defendant would otherwise waive by entering an unqualified guilty plea. *Crosby*, 338 So.2d at 591. Such rulings typically include denial of a motion to suppress evidence or a confession and exclude rulings which may affect the conduct of trial but "which do not substantially relate to guilt, such as the denial of a continuance or severance." *Id*. In the present case, to avoid jeopardizing the voluntariness of the defendant's guilty plea, the court of appeal should afford defendant review of the trial court's denial of his motion to suppress the evidence but need not address his second assignment of error relating to the trial court's denial of his motion for a continuance.

*State v. Joseph*, 03-0315, pp. 1-2 (La. 5/16/03), 847 So.2d 1196, 1196-97.

We cite *Joseph* in order to do a thorough review of this appeal. Even though we cite the case, we find that it does not apply to the instant case for two reasons. First, Defendant specifically reserved the right to contest the ruling on his

6

motion to suppress at the time he pled guilty, and he was silent as to the trial court's denial of his motions for discovery. We shall not extend the *Joseph* rule to instances when, at the time of his guilty plea, the defendant made a specific reservation of pre-trial judgments to contest on appeal and assigned error to a judgment not contained in that reservation.

Second, even if we would apply *Joseph*, Defendant is not entitled to a review of the ruling denying him access to the recording of the drug transaction. The only charges against Defendant arise from events occurring on the day following the drug transaction, and examination of the record does not reveal any notice by the State that it intended to introduce other crimes evidence at trial, so the denial of the CI evidence does not substantially relate to Defendant's guilt on the charged offenses.

Therefore, Defendant waived this claim when he failed to specifically reserve his right to contest the trial court's denial of his motions for discovery.

## SUFFICIENCY OF SEARCH WARRANT

Defendant also claims that the evidence seized pursuant to the search warrant should have been suppressed because the warrant did not disclose the source of the informant's reliability, the amount of drugs, or the number or identity of the people in the house. It is axiomatic that both the United States Constitution and the Louisiana Constitution protect a person's property and privacy and protect him/her from unreasonable searches and seizures as well as provide that search warrants must by supported by facts sufficient to establish probable cause in order to invade their property and privacy.

7

Defendant urges this court to find that the warrant is invalid because it contains nothing indicating the CI's experience level. Defendant additionally maintains that the warrant affidavit does not indicate whether the CI purchased cocaine from Defendant, another resident, or from a guest in his home. Defendant also alleges that the warrant was stale at the time of execution because the affidavit does not contain sufficient indicia that drugs would still be in the residence the day after its issue.

The State responds that the trial court did not err in finding that the search warrant affidavit was sufficient to support the search warrant. We note that Louisiana follows the four corners doctrine as discussed in *State v. Green*, 02-1022 (La. 12/4/02), 831 So.2d 962. The State asserts that the four corners doctrine prevents a defendant from attacking the reliability of the informant based on anything other than what is contained within the four corners of the warrant or warrant affidavit. The State further submits that the information contained in the affidavit sufficiently supported the reliability of the CI both through past history and through independent verification.

We have determined that the proper standard of review for examining mixed questions of fact and law on a motion to suppress is abuse of discretion:

> When a trial court rules on a defendant's motion to suppress, the appellate court must look at the totality of the evidence presented at the hearing on the motion to suppress. The appellate court should not overturn a trial court's ruling, unless the trial court's conclusions are not supported by the evidence, or there exists an internal inconsistency in the testimony of the witnesses, or there was a palpable or obvious abuse of discretion. *State v. Burkhalter*, 428 So.2d 449 (La.1983), and *State v. Gaspard*, 96-1279 (La.App. 3 Cir. 2/11/98); 709 So.2d 213.

*State v. Bargeman*, 98-617, p. 5 (La.App. 3 Cir. 10/28/98), 721 So.2d 964, 967, *writ*

*denied*, 99-0033 (La. 5/28/99), 743 So.2d 658; *see also State v. Gray*, 04-1197 (La. 1/19/05), 891 So.2d 1260. The burden is on the Defendant to prove the inadmissibility of evidence seized pursuant to a search warrant. La.Code Crim.P. art. 703(D).

The hearing on the motion to suppress began on January 23, 2007. Deputy Dewain Littleton testified as the sole witness for the State.[4] Deputy Littleton identified the search warrant used in this case as well as the affidavit used in support of the search warrant, even explaining a correction on the second page. He clarified that the original name listed was a typographical error, and the deputies made the correction prior to the judge signing the search warrant, stating that he was the person who initialed the correction.

The affidavit in support of the search warrant is set forth below in its entirety:

> On December 08, 2005[,] I[,] Dy[.] J[.] Edwards, and Dy. Dewain Littleton met a CI for the purpose of making an undercover buy from Tihe Cummings. We met a CI at 2:45 pm and searched him and his veh. and found no drugs. We placed a recording device on him and gave him buy money. He left at 3:02 pm and drove to Tihe Cummings[s] res. at . . . in Jonesville, La. We follow[e]d the CI and kept the CI in constant eye view at all times. The CI arrived at the residence at 3:05 pm and we watched him walk to the front door and go inside. The CI stayed a few mins. and was able to purchase one piece of crack cocaine in exchange for $20.00. The CI then left the residence at 3:08 pm[;] we watch[ed] the CI leave the residence, get into the vehicle and we then followed the CI back to the predetermined meeting place. We followed the vehicle back to the location and kept it in constant eye view. The CI arrived at the meeting place at 3:13 pm. We took a piece of suspected crack cocaine that he bought from [Tihe Cummings] in exchange for $20.00 dollars. We took the recording device off the CI. The undercover buy

---

[4] Although the hearing transcripts spell Deputy Littleton's first name as "Dewayne," he actually appears to spell his name "Dewain." This is evident from the search warrant application and affidavit.

9

is on tape. We searched the CI and his veh[.] and found no other drugs.

The CI informed us that Cummings had a large amount of crack cocaine in the residence. The CI stated that[,] as he entered the residence, the CI could see prescription pills laying on the table, and also a large pill bottle that Cummings removed the crack cocaine from. The credibility or reliability of the informant may be established by the fact that his information has been accurate in the past, and has resulted in previous arrest[s] on different occasions.[5]

The motion to suppress hearing resumed on February 27, 2007. Defendant began the hearing by cross-examining Deputy Littleton. Deputy Littleton testified that the search of the CI and his vehicle consisted of a complete check. After further questioning and argument by counsel, the trial court denied Defendant's motion to suppress without issuing oral reasons.

Initially, we note that Defendant's motion to suppress only employed general language in decrying the unconstitutional seizure of evidence, making no specific arguments concerning why the evidence was unconstitutionally seized. At the suppression hearings, Defendant only made arguments concerning the reliability

---

[5] A second affidavit, which Defendant attached to his motion to suppress, verified the information given by the other affidavit:

> On 12/08/2005[,] I, Dy. Dewain Littleton and Dy[.] Jesse Edwards met a CI for the purpose of making an undercover buy from **Tihe Cummings.** We met the CI and searched the CI and the CI's vehicle and found no drugs or money. We then placed a recording device on the CI to record the transaction. We gave the CI money for the buy. The CI then left and drove to the **Tihe Cummings res. at** . . . **Jonesville, La.** We followed the CI and kept the CI in constant eye view. The CI got out at the above residence and went to the front door. We watched the CI go inside the residence. The CI was able to purchase a piece fo crack cocaine in exchange for $20.00. The CI then left the residence. We kept the CI in constant eye view while returning to the predetermined meeting place. The CI gave us the crack cocaine and we removed the recording device from the CI. We then search the CI and the CI's vehicle and found no money or other drugs. The credibility or reliability of the informant may be established by the fact that his information has been accurate in the past, or has resulted in previous arrest.

(Emphasis in original).

of the CI; he did not complain that the warrant was stale at the time of execution or that the warrant affidavit did not specify the amount of drugs in the house or the number or identity of the people in the house.

"The Courts of Appeal will review only issues which were submitted to the trial court and which are contained in specifications or assignments of error, unless the interest of justice clearly requires otherwise." Uniform Rules—Courts of Appeal, Rule 1-3, *see also State v. Jennings*, 07-150 (La.App. 3 Cir. 5/30/07), 958 So.2d 144, *writ denied*, 07-1460 (La. 1/7/08), 973 So.2d 731. Defendant's brief contains no arguments as to why the interest of justice would require this court to review the merits of those claims he failed to first present to the trial court. Thus, we deny those claims not first presented to the trial court on the basis that they are beyond this court's scope of review. Accordingly, we will not consider whether the warrant was stale at the time of execution or whether the warrant affidavit was insufficient because it did not specify the amount of drugs in the house or the number or identity of the people in the house.

Because Defendant contested the credibility of the CI with the trial court, we will address the issue of whether the warrant affidavit adequately established the reliability of the informant. In doing so, we find that the reliability of the CI in the instant case was not at issue because the officers relied on their own observations rather that what was told them by the CI. They observed a controlled drug buy. They sent the CI into the home with money and he returned with the drugs. He was searched going in and coming out to confirm that he did not get the drugs some place else. "When a search warrant is not dependent upon the credibility of the confidential

11

informant but on police observation, lack of evidence regarding the informant's credibility will not render a search warrant invalid." *State v. Shumaker*, 41,547, p. 14 (La.App. 2 Cir. 12/13/06), 945 So.2d 277, 287, *writ denied,* 07-0144 (La. 9/28/07), 964 So.2d 351. In *State v. Grey*, 408 So.2d 1239, 1242-43 (La.1982), (citation omitted), cited in *Shumaker*, the supreme court wrote:

> By this assignment defendants contend that the trial court erred in refusing to permit defense counsel to inquire into the character of the police informant. This assignment lacks merit. The informant told the police officers that he had bought marijuana from defendants at their house in the past. While under the officers' surveillance, the informant entered defendants' home. He was searched by the officers before he left their presence and found to possess only a small amount of cash. After returning from the residence, he had a plastic bag of marijuana on his person. Based on these facts, the police officers executed an affidavit upon which the search warrant was grounded. Thus, the search warrant was not dependent upon the informant's credibility; the police officers' personal observations supported the warrant. Moreover, an independent magistrate could determine that the informant was credible and his information reliable on the basis of the above events.

Deputy Littleton's warrant affidavit indicates that the deputies verified the CI's reliability not only through his past history, but also through his independent verification and observation. Therefore, Defendant's argument concerning the warrant affidavit's failure to establish the reliability of the CI is without merit.

## CONCLUSION

For the foregoing reasons, we affirm the trial court's denial of Defendant's motion to suppress and affirm his conviction.

**AFFIRMED.**