957 So.2d 132 (2007)
STATE of Louisiana
v.
Charles M. GUILLORY.
No. 2006-K-2544.
Supreme Court of Louisiana.
June 1, 2007.
PER CURIAM.
Granted. The judgment of the court of appeal is vacated and this case is remanded to the district court for further proceedings.
Defendant entered his guilty plea in the present case under this Court's decision in State v. Crosby, 338 So.2d 584 (La.1976), reserving his right to appeal on the issue of whether the police lawfully seized the evidence against him. However, defense counsel had failed to file a motion to suppress, and the trial court therefore had no opportunity to rule on the validity of the seizure. On appeal, with nothing before it on the Crosby reservation, the court of appeal affirmed defendant's conviction and sentence and relegated him to post-conviction proceedings on any claim that the failure to address his Crosby reservation on the merits rendered his guilty plea involuntary. State v. Guillory, 05-2089 (La.App. 1st Cir.9/20/06), 937 So.2d 935(unpub'd).
Defendant argues, and we agree, that a nunc pro tunc determination of the validity of the seizure will obviate the need for *133 addressing the validity of his guilty plea either on direct review or in post-conviction proceedings and at the same time effectuate the Crosby reservation made as a material component of his election to forego trial. Cf. Crosby, 338 So.2d at 586 ("If we are not able to afford the accused their bargained-for appellate review, we must set aside the guilty pleas [as involuntary]. . . . because of the non-performance of the plea bargain (or the impossibility of the state to perform it) by virtue of which the plea was obtained."); cf. State v. Nall, 379 So.2d 731 (La.1980)(failure of cause justifies setting aside guilty plea); State v. Floyd, 06-0657 (La.App. 5th Cir.12/27/06), 946 So.2d 325 (guilty plea set aside when entered upon belief that defendant had reserved his right to appeal and trial court failed to rule on his motion to suppress).
Accordingly, on remand of the present case, the district court shall provide the defendant with 30 days in which to file a motion to suppress the evidence. In the event that the defendant files the motion, the court shall promptly conduct a hearing to determine the validity of the seizure of evidence from him. If the court rules favorably to the defendant, it shall provide him with the opportunity of withdrawing his guilty plea and pleading anew. In the event that the court rules adversely, the defendant may appeal again to the court of appeal on the basis of his original Crosby reservation. If defendant fails to file a timely motion to suppress evidence, the court shall deem the Crosby reservation abandoned as a material component of an otherwise knowing and voluntary guilty plea, and direct the defendant to begin execution of his sentence.
VICTORY, J., would deny writ application.