957 So.2d 133 (2007)
STATE of Louisiana
v.
Deon Montreal WALTON.
No. 06-K-2553.
Supreme Court of Louisiana.
June 1, 2007.
PER CURIAM.
Granted. The judgment of the court of appeal is vacated and this case is remanded *134 to the district court for further proceedings.
Defendant entered his guilty plea in the present case under this Court's decision in State v. Crosby, 338 So.2d 584 (La.1976), reserving his right to appeal on the issue of whether the police lawfully seized the evidence against him. Defense counsel had filed a motion to suppress the evidence, the state responded with procedural objections to the motion, but the trial court did not conduct a hearing on the motion and did not rule on the constitutional validity of the seizure. As a general rule, counsel's failure to obtain a ruling on the merits would constitute an abandonment of the motion. State v. Wagster, 361 So.2d 849, 856 (La.1978). However, with nothing before it to review on the Crosby reservation, the court of appeal determined that a material condition of the guilty plea had failed, set the plea aside, and remanded the case for further proceedings, although defendant had not asked for that result. State v. Walton, 05-2175, 937 So.2d 936, 2006 WL 2861674 (La.App. 1st Cir.9/20/06)(unpub'd).
Defendant argues in his present application, and we agree, that a nunc pro tunc hearing on the motion to suppress and a ruling by the trial court on the validity of the search and seizure may cure any defect in the guilty plea proceedings and thereby avoid vacating the guilty plea and providing defendant with a remedy that he did not request. Cf. State v. Robinson, 06-1406 (La.12/8/06), 943 So.2d 371 (appellate courts should refrain from setting aside guilty pleas resulting in dispositions favorable to the defendant on the basis of defects about which the defendant does not complain); State v. Campbell, 01-0329 (La.11/2/01), 799 So.2d 1136 (same); State v. Guzman, 99-1528, p. 6 (La.5/16/00), 769 So.2d 1158, 1162 (same). Accordingly, this case is remanded to the district court for purposes of conducting a hearing on the motion to suppress and for a ruling on the merits of the search issue. If the court rules favorably to the defendant on the motion, it shall provide him with the opportunity of withdrawing his guilty plea and pleading anew. In the event of an adverse ruling on his motion, the trial court shall maintain the guilty plea and defendant may again appeal his conviction and sentence to the court of appeal on the basis of his original Crosby reservation.
KNOLL, J., would deny.