CRAIN, J.
| aThe defendant, Darall Luke Alexander, was charged by bill of information with attempted aggravated rape, a violation of Louisiana Revised Statutes _ 14:42 and 14:27. Following a jury trial, he was found guilty of the responsive offense of attempted forcible rape, a violation of Louisiana ■ Revised Statutes 14:42.1 and 14:27. The defendant filed a motion for postverdict judgment of acquittal, which the trial court denied. - He was sentenced to twenty years imprisonment at hard labor, with eighteen years suspended and five years of probation, with-conditions. On appeal, the defendant asserts that the evidence was insufficient to support the conviction. We affirm the conviction and sentence.
FACTS
On February 18, 2012, rain caused the collapse of a portion of the roof of the victim’s house. The defendant, whom the victim, C.V., had known for approximately forty years, came and repaired the ceiling. After the repairs were complete, C.V. tried to escort the defendant to the front door, but he said he was not leaving, grabbed C.V. from behind, and wrapped his arms around her waist and rib area. C.V. struggled and pleaded with the defendant to let her go, but she was overpowered by him. As C.V. continued to resist, the defendant touched her vaginal area and placed one of his hands on the outside of the leggings she was wearing. He then picked C.V. up, slammed her into a chair, held her down, *129 and forced her legs apart, positioning himself between C.V.’s legs. The defendant pulled up C.V.’s sweater and pulled down one side of her leggings and underwear. While the defendant attempted to pull down the other side of C.V.’s-leggings, her knee “popped,” causing her to scream in agony. The defendant then released his grip, apologized, and left the house.
|aThe next day, C.V. approached the defendant’s cousin and told him the defendant tried to rape her, but the cousin did not want to be involved. Two days later a friend convinced C.V. to go to the police. C.V. filed a report at the Mandeville police station, and her injuries were photographed. C.V. returned the next day and gave a statement.
The defendant gave a statement to the investigating officers. He acknowledged going to C.V.’s house and repairing her ceiling, but claimed he left the house about five minutes after completing the repair and that he never touched her.
The defendant also testified at trial and denied trying to rape C.V. However, in a departure from his prior statement, the defendant testified that he did touch C.V. one time, when he assisted her up after she slipped and fell on the floor.
The leggings and underwear worn by C.V. during the attack were submitted for DNA testing. A spot on the waistline of the leggings contained a DNA mixture that could not be excluded as belonging to the defendant and C.V. According to the forensic DNA analyst, the mixture was 7,730 times more likely to be a mixture of DNA from C.V. and the defendant than a mixture from C.V. and an unknown person of the same race as the defendant.
ASSIGNMENT OF ERROR
In his sole assignment of error, the defendant argues the evidence was insufficient to support the conviction for attempted forcible rape, and the trial court erred in denying the motions for. postverdict judgment of acquittal and new trial,
A conviction based on insufficient evidence cannot stand as it violates Due Process. See U.S. Const, amend. XIV; La. Const, art. I, § 2. In reviewing claims challenging the sufficiency of the evidence, this court must consider “whether, after viewing the evidence in the light most favorable to the prosecution, -any | ¿rational trier' of fact could have found the essential elements of the crime1 beyond a reasonable doubt.” Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). See also La. Code Crim. Pro. art. 821(B); State v. Mussall, 523 So.2d 1305, 1308-09 (La.1988). The Jackson standard, incorporated in Article 821, is an objective standard for testing the overall evidence, both direct and circumstantial, for reasonable doubt. State v. Petitto, 12-1670 (La.App. 1 Cir. 4/26/13), 116 So.3d 761, 766, writ denied, 13-1183 (La.11/22/13), 126 So.3d 477; State v. Patorno, 01-2585 (La.App. 1 Cir, 6/21/02), 822 So.2d 141, 144.
When a conviction is based on both direct and’ circumstantial .evidence, the reviewing court must resolve any conflict in the direct evidence by viéwing that evidence in the light most favorable to the prosecution. State v. Wright, 98-0601 (La.App. 1 Cir. 2/19/99), 730 So.2d 485, 487, writs denied, 99-0802 (La.10/29/99), 748 So.2d 1157, 00-0895 (La.11/17/00), 773 So.2d 732. When analyzing circumstantial evidence, Louisiana Revised Statute 15:438 provides that the fact finder must be satisfied the overall evidence excludes every reasonable hypothesis of innocence. Petitto, 116 So.3d at 766; Patomo, 822 So.2d at 144. Thé facts then established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of *130 fact to conclude beyond a reasonable doubt that the defendant was guilty of every essential element of the crime. Wright, 730 So.2d at 487.
Rape is the act of anal, oral, of vaginal sexual intercourse with a male or female person committed without the person’s lawful consent. La. R.S. 14:41A. Emission is not necessary, and any sexual penetration, when the rape involves vaginal or anal intercourse, however slight, is sufficient to complete the crime. La. R.S. 14:41B. Forcible rape is committed when the anal, oral, or vaginal sexual intercourse is deemed to be without the lawful consent of the victim because the Lvictim is prevented from resisting the act by force or threats of physical violence under circumstances where the victim reasonably believes that such resistance would not prevent the rape. La. R.S. 14:42.1A(1),
To support a conviction for attempted forcible rape, the State must prove the defendant had the specific intent to commit forcible rape and that he did an act for the purpose of, and tending directly toward, the accomplishing of his objective. See La. R.S. 14:27 and 14:42.1; State v. Dorsey, 30,683 (La.App. 2 Cir. 6/24/98), 718 So.2d 466, 471, writ denied, 98-2227 (La.12/18/98), 732 So.2d 54. Specific intent is that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act. La. R.S. 14:10(1). Such state of mind can be formed in an instant. State v. Cousan, 94-2503 (La.11/25/96), 684 So.2d 382, 390. Specific intent need not be proven as a fact but may be inferred from the circumstances of the transaction and the actions of the defendant. State v. Graham, 420 So.2d 1126, 1127 (La.1982). The existence of specific intent is an ultimate legal conclusion to be resolved by the trier of fact. Petitto, 116 So.3d at 767.
The defendant argues that there is lack of physical evidence to prove he attempted to rape C.V. He contends that C.V.’s injuries were confined to her arms and back and were not “suggestive of a violent, sexual encounter perpetrated” by him; that an investigating officer, Detective Joseph Downs, testified that he could not remember C.V. walking with a limp or seeing any marks on the defendant from a possible struggle; that there were no signs of struggle at the house when Detective Downs visited it five days after the attack; and that law enforcement failed to test the sweater C.V. was wearing during the attack for DNA, or the chair where the struggle occurred for either DNA or fingerprint evidence.
Ii/The jury saw photographs of C.V. that showed bruises on her back and right elbow consistent with her being grabbed and thrown into a chair. The jury was also provided with test results confirming that the defendant and C.V. could not be excluded as the sources for DNA found on the waistline of C.V.’s leggings. The forensic DNA analyst testified that that DNA mixture was 7,730 times more likely to have come from C.V. and the defendant than from C.V. and an unknown person of the same race as the defendant. Detective Downs also explained that C.V.’s sweater was not tested for DNA because he believed DNA could be transferred to that item of clothing simply by the defendant talking to C.V.
Addressing the absence of physical markings on the defendant that may have evidenced a struggle, C.V. explained that she was unable to scratch him because at the time her fingernails were not long enough. She also testified that she cleaned up her home before Detective Downs visited five days after the attack.
*131 If believed, the testimony of the victim alone, with no other evidence, is sufficient to prove the elements of the offense. See State v. Craddock, 10-1473 (La.App. 1 Cir. 3/25/11), 62 So.3d 791, 795, writ denied, 11-0862 (La.10/21/11), 73 So.3d 380. Also; if believed, and in the absence of internal contradiction or irreconcilable conflict with the physical evidence, the testimony of one witness is sufficient to support a factual conclusion. State v. Higgins, 03-1980 (La.4/1/05), 898 So.2d 1219, 1226, cert. denied, 546 U.S. 883, 126 S.Ct. 182, 163 L.Ed.2d 187 (2005). The fact that the record contains evidence that conflicts with the testimony accepted by a trier of fact does not render the accepted evidence insufficient. State v. Marrero, 11-1285 (La.App. 1 Cir. 2/10/12), 92 So.3d 21, 29, writ denied, 12-0563 (La.6/15/12), 90 So.3d 1060.
When there is conflicting testimony about factual matters, the resolution of which.depends upon a determination of the credibility of the witnesses, the matter Ms one of the weight of the evidence, .not its sufficiency. The trier of fact’s determination of the weight to be given evidence is not subject to appellate review. An appellate court will not re weigh the evidence to overturn a fact finders determination of guilt. State v. Huey, 13-1227 (La.App. 1 Cir. 2/18/14), 142 So.3d 27, 32, writ denied, 14-0535' (La.10/3/14), 149 So.3d 795, cert. denied, — U.S. -, 135 S.Ct. 1507, 191 L.Ed.2d 443 (2015).
An offender who has the specific intent to commit a rape by threatening or forcing his victim into submission and who does an act in furtherance of his goal has committed the offense of attempted forcible rape even if his victim successfully repels the threats or force. See State v. Steward, 95-1693 (La.App. 1 Cir. 9/27/96), 681 So.2d Í007, 1012; State v. Magee, 491 So.2d 454, 457 (La.App. 1 Cir. 1986). While. C.V.’s resistance may have thwarted an. actual rape,, the elements for attempted forcible rape were met. She described a violent attack that began when the defendant refused to leave her house, grabbed her from behind, wrapped his arms round her,. > and placed one of his hands on her vaginal area. As she struggled to free herself, thé defendant lifted C.V. into the air and slammed her into a chair, positioned himself between her legs and began removing her clothing, stopping only when C.V. screamed in pain. The jury accepted this version of the ‘evidence and rejected the defendant’s theory of, innocence. When a case involves circumstantial evidence, and the jury reasonably rejects the, hypothesis _ of innocence presented by the defendant’s own testimony, that hypothesis falls, and the defendant is guilty unless there is another hypothesis that raises a reasonable doubt. State v. Captville, 448 So.2d 676, 680 (La.1984). No other hypothesis of innocence exists in this case.
The evidence supports the verdict of the jury. Viewing the evidence in the light most favorable to the State, any rational trier of fact could have found beyond |sa reasonable doubt, and to the exclusion of every reasonable hypothesis of innocence, that the defendant was guilty of the attempted forcible rape of C.V. See State v. Calloway, 07-2306 (La.1/21/09), 1 So.3d 417, 418 (per curiam). The trial court did not err in denying the motions for postver-dict judgment of acquittal and new trial. Accordingly, the assignment of error is without merit.
CONVICTION AND SENTENCE AFFIRMED.