CRAIN, J.
| «.The defendant, Shawn Becnel, was charged with possession of pornography involving juveniles. See La. R.S. 14.81.1. He was convicted by a jury of the lesser offense of attempted possession of pornography involving juveniles and sentenced to ten years imprisonment at hard labor.[1] See La. R.S. 14.81.1 and 14:27. The defendant appeals, arguing insufficient evidence to support the conviction and error in admitting evidence of other crimes. We affirm.
FACTS
Shortly after receiving a complaint that the defendant had engaged in indecent behavior with juveniles, officers with the Bogalusa Police Department (BPD) obtained a warrant for the defendant’s arrest and took him into custody. In furtherance of that investigation, the officers obtained and executed a search warrant for the defendant’s residence, resulting in the seizure of several items, including two laptop computers. Three thousand, five hundred and forty-two images of suspected child pornography were discovered on one of the computers, including 486 images of juveniles known to be under the age of seventeen.
SUFFICIENCY OF THE EVIDENCE
The defendant first argues there was insufficient evidence to convict him. A conviction based on insufficient evidence cannot stand, as it violates due process. See U.S. Const. amend. XIV; La. Const. art. I, § 2. In reviewing claims challenging the sufficiency of the evidence, an appellate court must determine whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt based on the en *30 tirety of the evidence, both admissible and inadmissible, viewed in the light most favorable to. the prosecution. See Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); State v. Oliphant, 13-2973 (La. 2/21/14), 133 So.3d 1255, 1258; see also La. Code Crim. Pro. art. 821B; State v. Mussall, 523 So.2d 1305, 1308-09 (La. 1988). When circumstantial evidence forms the basis of the conviction, the evidence “assuming every fact to be proved that the evidence tends to prove ... must exclude every reasonable hypothesis of innocence.” La. R.S. 15:438; Oliphant, 133 So.3d at 1258. The due process standard does not require the reviewing court to determine whether it believes the witnesses or whether it believes the evidence establishes guilt beyond a reasonable doubt. State v. Mire, 14-2295 (La. 1/27/16), — So.3d -, - (2016 WL 314814). Rather, appellate review is limited to determining whether the facts established by the direct evidence and inferred from the circumstances established by that evidence are sufficient for any rational trier of fact to conclude beyond a reasonable doubt that the defendant was guilty of every essential element of the crime. State v. Alexander, 14-1619 (La.App. 1 Cir. 9/18/15), 182 So.3d 126, 129, writ denied, 15-1912 (La. 1/25/16), 185 So.3d 748.
It is unlawful for a person to possess pornography involving juveniles, which, in relevant part, is defined as “any photograph .,, or other reproduction, whether electronic or otherwise, of any sexual performance involving a child under the age of seventeen.” See La. R.S. 14:81.1A(1) and B(5).[2] “Sexual performance” includes any “lewd exhibition of the genitals or anus.” La. R.S. 14:81.1B(7).
To determine the age of an individual depicted in an image, the trier of fact may consider: (1) the general body growth, bone structure, and bone development of the person; (2) the development of pubic or body hair on the person; (3) the development of the person’s sexual organs; (4) the context in which the person is placed or the age attributed to the person in any accompanying video, printed, or 1¿text material; (5) available expert testimony and opinion as to the chronological age or degree of physical or mental maturity or development of the person; and (6) such other information, factors, and evidence available to the trier of fact that the court determines is probative and reasonably reliable. La. R.S. 14:81.1G.
The element of possession includes both “actual” and “constructive” possession. State v. Sandifer, 95-2226 (La. 9/5/96), 679 So.2d 1324,1331. A person who is not in physical possession may have constructive possession when the contraband is under that person’s dominion and control. In determining whether a defendant exercised dominion and control sufficient to constitute constructive possession, the fact finder may consider, among other factors, the defendant’s knowledge of the contraband and his access to the area where the contraband is found. See State v. Gordon, 93-1922 (La.App. 1 Cir. 11/10/94), 646 So.2d 995,1002, Guilty knowledge may be inferred from the circumstances of the case.[1] State v, Pigford, 05-0477 (La. 2/22/06), 922 So.2d 517, 521 (per curiam). The. mere presence in an area where contraband is located or the mere association with one possessing contraband does not constitute constructive possession. See State v. Toups, 01-1875 (La. 10/15/02), 833 So.2d 910, 913, A person may be in joint possession of contraband if he willfully and *31 knowingly shares with another the right to control the contraband. See Gordon, 646 So.2d at 1002.
Pornography involving juveniles is a general intent crime. See State v. Cinel, 94-0942 (La. 11/30/94), 646 So.2d 309, cert. denied, 616 U.S. 881, 116 S.Ct. 215, 133 L.Ed.2d 146 (1995); State v. Workman, 14-559 (La.App. 5 Cir. 4/15/15), 170 So.3d 279, 290, writ denied, 15-0909 (La. 3/24/16), 190 So.3d 1189. General criminal intent is present when the circumstances indicate that the offender, in the ordinary course of human experience, must have, adverted Uthe prescribed criminal consequences as reasonably certain to result from his act or failure to act. La. R.S. 14:10(2).
The defendant was found guilty of the responsive offense of attempted possession of pornography involving juveniles, as opposed to the completed offense. An attempt requires both “specific intent to commit a crime” and an act or omission “for the purpose of and tending directly toward the accomplishing of his object.” See La. R.S. 14:27A. An attempt is a separate but lesser grade of the intended crime; and any person may be convicted of an attempt to commit a crime, although it appears at trial that the crime intended of attempted was actually perpetrated by such person in pursuance of such attempt. La. R.S. 14:27C.
The defendant argues the state failed to prove he had specific intent to commit an act tending toward possessing the images found on the laptop computer. Emphasizing that the computer was found in a common area of a home shared with his mother, the defendant maintains the evidence did not establish he had possession of the images on the computer, particularly where, according to the defendant, there was no evidence he used the computer. The defendant also contends the images on the hard drive were inaccessible without forensic software, with the exception of one image, which he claims featured a female who was at least seventeen years of age. As to the remaining images, the defendant argues the state failed to present expert testimony as to the ages of the girls in the images. ■
BPD Officer Jeffery Bergeron executed the search warrant for the defendant’s residence. He testified the laptops were found in the living room, where the defendant slept. Officer Bergeron’s investigation confirmed that only the defendant and his mother lived at the residence. According to the defendant’s mother, the computers belonged to the defendant and she used them only to play video games. When the computers were seized in connection with the search, the defendant’s mother asked when they would be returned.
I (¡Deputy Steven Arroyo with the St. Tammany Parish Sheriffs Office was accepted by the'trial court as an expert in forensic computer examination. Deputy Arroyo .removed the hard drive from each of the seized computers and captured their contents in an image file, which he then formatted using a software program known as “ Access Data Forensic Tool Eat” (ADFTK), that organizes the contents in a viewable format.
Deputy Arroyo discovered 3,542 images of suspected child pornography on one. of the computers.[3] Four hundred and eighty-six of the images were “KFF alert files,” which were defined as files that could be downloaded from the internet and have been previously documented as known im *32 ages of child pornography. These files have a digital fingerprint (a mathematically generated number) submitted to governmental and law enforcement agencies, which can be identified with a “KFF alert.” Images that generate a KFF alert are widely disseminated, and law enforcement has previously determined that each of the images is of a juvenile known to be under the age of seventeen.
All but two of the images recovered were from areas in the computer’s hard drive that contain deleted items: the recycle bin and “unallocated space,” which is space available on the hard drive that is not used by the computer’s operating system. Based upon their location, Deputy Arroyo opined that the person who downloaded the images had attempted to delete them.
The computer also contained “torrent” software, a program that allows files to be downloaded anonymously and, in Deputy Arroyo’s experience, can be used to download child pornography. Deputy Arroyo also performed a routine virus scan on the computer to confirm that the images were not downloaded by a virus, | -¡which is often claimed as the reason illegal images are on a device. He found no viruses on the computer and concluded the images were intentionally downloaded.
While Deputy Arroyo acknowledged that he could not be sure that all 3,500 images were of individuals younger than the age of seventeen, he testified the 486 “KFF alert” files were pornographic images of children under the age of seventeen that were intentionally downloaded onto the computer.
The defendant argues the evidence fails to sufficiently establish he possessed the prohibited images. The defendant points out that he and his mother lived in the residence; and, citing United States v. Moreland, 665 F.3d 137 (5th Cir. 2011), asserts joint occupancy of the residence, alone, is not sufficient to establish constructive possession of the images on the computer, and the state must offer “additional evidence of the defendant’s knowing dominion or control of the contraband.”
We find Moreland factually distinguishable. The defendant in Moreland was convicted of possessing child pornography, Over 100 images of child pornography were discovered on two home computers found in the defendant’s home. Moreland,, 665 F.3d at 140. It was undisputed that the two computers were subject to joint custody, control, and use by the defendant, his wife, and the defendant’s father (George), who resided in the home for several months prior to the discovery of the images. The evidence established that George used the computers frequently while the others were asleep and during the day when the defendant was at work. Moreland, 665 F.3d at 140, Multiple witnesses testified that George had a preoccupation with pornography. When George learned of the seizure of the defendant’s computers, he sought to have the hard drive destroyed on a computer located at his house. Moreland, 665 F.3d at 147. After George’s death, large amounts of pornographic material were found in his house. Moreland, 665 F.3d at 146-47. The defendant denied that he looked at any child pornography |son the computers seized from his residence. The court of appeal reversed the defendant’s conviction, finding insufficient evidence to support that the defendant possessed child pornography. Moreland, 665 F.3d at 152.
Here, the defendant owned the computer, which was located in an area of the house where he slept. The only other person with access to the computer was the defendant’s mother, who used the computer to play video games. Unlike More- *33 land, there was no evidence suggesting that the defendant’s mother had a preoccupation with pornography. Neither did the defendant’s mother attempt to destroy the computers. In fact, she asked when they would be returned. Based upon the evidence, the jury could have reasonably concluded that the defendant had constructive possession of the computer, as well as knowledge, access, and control of the pornographic images of juveniles found thereon.
The defendant argues the images could not be accessed without the use of forensic software. The record contains no evidence that he could not access the images without the use of forensic software. While Deputy Arroyo used software to extract and organize the pornographic images, he never testified that such software was necessary for a user to view the images, particularly images contained in the computer’s recycling bin.
The jury had the opportunity to view the images and heard expert testimony about the 486 “KFF alert” images. Whether the subjects depicted in those images are younger than seventeen is a fact to be determined by the trier of fact, and expert testimony is but one factor that may be utilized in making that determination. See La. R.S. 14:81.1G; State v. Roberts, 01-00154 (La.App. 3 Cir. 10/3/01), 796 So.2d 779, 785, unit denied, 01-2974 (La. 9/20/02), 825 So.2d 1163. The trier of fact evaluating the images at issue could have reasonably concluded they depict females under the age of seventeen.
19The evidence supports a finding that the defendant possessed pornography involving juveniles in violation of Louisiana Revised Statute 14:81.1. Therefore, it was not irrational for the jury to convict him of an attempt to commit the crime. See La. R.S. 14:27C; see also State v. Ordodi, 06-0207 (La. 11/29/06), 946 So.2d 654, 662. This assignment of error is without merit.[4]
EVIDENCE OF OTHER CRIMES
The defendant argues the trial court erred in denying his motion in li-mine, which sought to preclude evidence that the police initially came to the defendant’s residence to arrest him for indecent behavior with juveniles and to execute a search warrant in connection with that investigation. That information, according to the defendant, is inadmissible evidence of “other crimes” and its probative value is substantially outweighed by the danger of unfair prejudice. See La. Code Evid. arts. 403 and 404B(1). The trial court found the evidence admissible under the “narrative completeness” rule to explain why the investigating officers went to the defendant’s home to execute the' search warrant, resulting in the seizure of the defendant’s computer.
Evidence of other crimes is generally inadmissible because of the substantial risk of unfair prejudice to the defendant. See La. Code Evid. art. 404B(1); State v. Lockett, 99-0917 (La.App. 1 Cir. 2/18/00), 754 So.2d 1128, 1130, writ denied, 00-1261 (La. 3/9/01), 786 So.2d 115. Louisiana Code of Evidence article 404B(1) provides several exceptions to this rule, including other crimes evidence that “relates *34 to conduct that constitutes an integral part of the act or transaction, that is the subject of the present proceeding,” This exception, sometimes referred to as |in“res gestae,” incorporates a rule of narrative completeness without which the state’s case would lose its narrative momentum and cohesiveness. State v. Odenbaugh, 10-0268 (La, 12/6/11), 82 So.3d 215, 251, cert. denied, 568 U.S. 829, 133 S.Ct. 410, 184 L.Ed.2d 51 (2012). Such evidence forms part of the res gestae when the crimes are so related and intertwined with the charged offense that the state cannot accurately present its case withóut reference to it. The evidence completes the story of the crime by providing context to the events. See Odenbaugh, 82 So.3d at 251.
Erroneous admission of other crimes evidence is subject to a harmless-error analysis. Odenbaugh, 82 So.3d at 251. An error is harmless if the jury’s verdict actually rendered at trial was “surely unattributable to the error.” Odenbaugh, 82. So.3d at 251 (quoting Sullivan v. Louisiana, 508 U.S. 275, 279, 113 S.Ct. 2078, 2081, 124 L.Ed.2d 182 (1993)).
The evidence at issue consists, of brief testimony explaining why the search warrant was issued that led to the discovery of the illicit images on the defendant’s computer. Officer David Miller testified he investigated á complaint the defendant had engaged in indecent' behavior with juveniles, the defendant was arrested, and the search warrant was issued. No facts or circumstances surrounding the complaint were revealed at trial. The state’s only mention of the matter in closing arguments was during rebuttal in response to defense counsel’s statement that the defendant had been arrested for “something unrelated,”
The defendant argues the state could have logically presented its case by referring to the investigation and arrest without naming the particular crime. He maintains there is no connexity. between the charged offense and the alleged incidents of indecent behavior with juveniles. While this argument is persuasive, we pretermit consideration of its merits, because we find the admission of the evidence, even if improper, was harmless error.
InThe evidence presented at trial compels a finding that the guilty verdict is surely unattributable to any error in allowing into evidence the name of the crime for which the defendant was arrested. The computer owned by the defendant and located in the area where he slept contained 3,500 images of juvenile pornography. The only,other person with access to the computer was the defendant’s mother. No evidence was introduced to convince any rational trier of fact that the defendant’s mother sat silent while her son was convicted of possessing her juvenile pornography. The jury rejected any suggestion that the defendant’s mother downloaded the illicit images and knowingly allowed her son to be prosecuted for the offense. The jury’s verdict was surely unattributable to any error in admitting evidence of the defendant’s arrest for indecent behavior with juveniles.[5] This assignment of error is without merit.[6]
*35 CONVICTION AND SENTENCE AFFIRMED.
Welch, J., concurs.
Holdrige J., concurs assign reasons.

. The sentence is without benefit of parole, probation, or suspension of sentence. See La. R.S. 15:301.1, 14:81.lE(l)(a), and 14:27D(3).

. All references to Louisiana Revised Statute 14:81.1 are to the version of the statute in effect prior to its amendment by 2014 La. Acts, No. 564, § 1.

. The ADFTK program did not recognize the hard drive for the other laptop, which indicates the hard drive failed or was about to fail, and no information was obtained from that device.

. The jury initially returned with a guilty verdict as charged. However, polling confirmed only eight votes for the verdict. The jury resumed deliberations and found the defendant guilty of attempted possession. While the conviction may reflect a "compromise” verdict, under Louisiana's responsive verdict system, the jury has the option to convict the defendant of the lesser offense, even though the evidence clearly and overwhelmingly supported a conviction of the charged offense. See State v. Porter, 93-1106 (La. 7/5/94), 639 So.2d 1137, 1140.

. Considering this conclusion, we do not consider the state’s argument that the evidence is admissible under Louisiana Code of Evidence article 412.2, which permits evidence of similar crimes. We note, however, that any determination of the applicability of that article would be problematic, because the facts of the alleged previous crime were not developed at trial.'

. We have conducted the review required by Louisiana Code of Criminal Procedure article 920 and find no error that requires the conviction be reversed or the sentence be vacated.