NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

* * * * * * *

2019 KA 0825

STATE OF LOUISIANA

VERSUS

LEONARD MASTASCUSO

JUDGMENT RENDERED:    **MAY 2 8 2020**

* * * * * * *

Appealed from the
Twenty-First Judicial District Court
In and for the Parish of Tangipahoa • State of Louisiana
Docket Number 14-01218 • Division "F"

The Honorable Elizabeth P. Wolfe, Judge Presiding

* * * * * * *

Bruce G. Whittaker
*Louisiana Appellate Project*
New Orleans, Louisiana

ATTORNEY FOR APPELLANT,
DEFENDANT—Leonard
Mastascuso


Scott M. Perilloux
*District Attorney*
Hammond, Louisiana

ATTORNEYS FOR APPELLEE,
State of Louisiana

Patricia Dale Parker Amos
*Assistant District Attorney*
Amite, Louisiana

* * * * * * *

BEFORE: MCCLENDON, WELCH, AND HOLDRIDGE, JJ.

**WELCH, J.**

The State of Louisiana charged the defendant, Leonardo Mastascuso, by bill of information with six counts of possession of pornography involving juveniles when the victim is under the age of thirteen years, violations of La. R.S. 14:81.1(A)(1). The defendant pled not guilty and, following a jury trial, was found guilty as charged on all counts. The defendant filed a motion for new trial, which the trial court denied. On each count, the trial court sentenced the defendant to ten years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence and ordered the sentences to run concurrently. The defendant now appeals, designating two assignments of error. We affirm the convictions and sentences.

## FACTS

In 2013, the Cyber Crime Unit (CCU) of the Louisiana Attorney General's Office, supervised by Agent Brian Brown, was monitoring the internet activity of the defendant, who lived alone in an apartment in Tickfaw. Equipped with a database of all the child pornography throughout the state, the CCU ran a computer program on an automated system that connected with peer to peer (P2P) programs, or file-sharing networks, to detect if people on the internet were exchanging images of child pornography. Agent Brown received information from the system that a particular IP address with a Hammond, Louisiana address had downloaded forty images of child pornography. In addition to the IP address, the information captured revealed the date and time the images were on the person's computer, the names of the image and video files exchanged, and the program used to access the various P2P programs. In particular, the program identified five GUIDs, or global unique identifiers. Agent Brown explained at trial that every time the P2P program LimeWire was installed on the defendant's computer, a new GUID was generated.

Based on the IP address, Agent Brown contacted Charter Communications,

2

who provided the defendant's name as the person paying for the internet service. Agent Brown obtained a search warrant, and on the morning of December 18, 2013, law enforcement officers searched the defendant's apartment. During the search, Agent Brown interviewed the defendant, who denied that he downloaded any child pornography. The officers took various photographs and seized ten devices belonging to the defendant, namely, four internal hard drives, a thumb drive, a cell phone, an Apple iPad, an external hard drive, a Seagate hard drive, and an Apple MacBook Pro.

Thomas Ferguson, a computer forensic examiner with the Louisiana Attorney General's CCU, examined all of the devices. Ferguson found pictures and videos of pornography involving juveniles on four of the defendant's hard drives. The hard drive at issue in this case was the defendant's Maxtor hard drive, which contained eleven video files of child pornography that were in the operating system's recycle bin, but had not yet been deleted.[1] Clips of these eleven videos were played for the jury to establish the six counts against the defendant.

Derek Hinch testified for the defense as an expert in computer forensics, general computer security, function and storage of digital devices, and operation of P2P networks. Hinch did not look at or examine any devices. He only looked at the Attorney General's Office reports. Hinch was shown the law enforcement photographs taken at the defendant's apartment. According to Hinch, there was nothing in those photographs capable of connecting or powering up any of the devices, particularly the hard drives, to make them viewable. The defendant did not testify.

## ASSIGNMENT OF ERROR 1

In his first assignment of error, the defendant argues the trial court erred in

---

[1] Two images of pornography were found in an unallocated space on this hard drive, which meant they had been deleted but forensically recovered.

denying his motion for new trial. Specifically, the defendant contends the trial court allowed the State to present unduly prejudicial evidence, despite the defendant's offer to stipulate.

At trial, defense counsel offered to stipulate that the videos found on the defendant's computer hard drive contained child pornography. That is, to prevent the jury from viewing such objectionable material, defense counsel offered to relieve the State of having to prove several elements of possession of pornography involving juveniles by stipulating that at least six of the pornographic videos involved children under thirteen years of age and that a reasonable person knew or should have known that the children were under the age of thirteen. The State declined the stipulation, preferring that the jury, as factfinder, determine the age of the children in the videos. Further, the State indicated it had the right to present its case, which included showing the jury what the defendant possessed. The trial court ruled that the videos had probative value and that the State could show the videos to the jury. Fifty-seven pictures and twenty videos on the defendant's hard drives were flagged as containing child pornography and submitted to the National Center for Missing and Exploited Children. The State offered to show, and in fact did show, only minimal amounts of eleven videos.

The defendant argues in brief that because the State did not accept the stipulation, the jury was "required to view the most heinous material" it might have to review. According to the defendant, "the entirely avoidable and undue prejudice caused by requiring the jury to consume the offensive pornographic material was an error which deprived" him of his right to due process and a fair trial.

We find no error in the admission of the evidence relating to what the defendant had in his possession on and prior to December 18, 2013. The videos of child pornography were clearly relevant in that they established the defendant possessed these video files and that they contained children under the age of

4

thirteen years. See La. C.E. art. 401. The State was not required to accept the defendant's stipulation in lieu of presenting evidence. The State cannot be robbed of the moral force of its case merely because a stipulation is offered. **State v. Watson**, 449 So. 2d 1321, 1326 (La. 1984), cert. denied, 469 U.S. 1181, 105 S. Ct. 939, 83 L. Ed. 2d 952 (1985). See **State v. Davis**, 2013-237 (La. App. 5th Cir. 10/30/13), 128 So. 3d 1162, 1171, writ denied, 2013-2751 (La. 5/23/14), 140 So. 3d 723; **State v. Chiasson**, 2010-0205 (La. App. 1st Cir. 6/11/10), 2010 WL 2342765, at *3 (unpublished), writ denied, 2010-1637 (La. 1/28/11), 56 So. 3d 967.

The videos shown to the jury, which contained child pornography, were necessarily prejudicial to the defendant. However, the trial court was correct in allowing the videos to be played to the jury since this evidence proved some of the essential elements of the State's case, so that its probative value exceeds any prejudicial effect to the defendant. See **State v. Watson**, 484 So. 2d 870, 874-75 (La. App. 1st Cir.), writ denied, 488 So. 2d 1018 (La. 1986) (finding that the exclusion of the recording on the basis of defense counsel's proposed stipulation would have unjustifiably deprived the State of the moral force of its evidence since the recording was highly relevant to several of the central issues of the case; the probative force of the recording exceeded that of other evidence tending to establish the same fact; and a mere verbal stipulation would not have captured the forcefulness of the recording itself).

Despite defense counsel's multiple attempts at a stipulation to the contents of the video files in the defendant's possession, the prosecution was entitled to prove its case by evidence of its own choice, and the defendant was not entitled to stipulate or admit his way out of the full evidentiary force of the case as the government chose to present it. **State v. Ball**, 99-0428 (La. 11/30/99), 756 So. 2d 275, 280.

Based on the foregoing, we find the trial court did not err in denying the defendant's motion for new trial. Accordingly, this assignment of error is without merit.

**ASSIGNMENT OF ERROR 2**

In his second assignment of error, the defendant argues the evidence was insufficient to support the six convictions. Specifically, the defendant contends that he did not knowingly possess the child pornography found in his home.

A conviction based on insufficient evidence cannot stand as it violates Due Process. See U.S. Const. amend. XIV; La. Const. art. I, § 2. The standard of review for the sufficiency of the evidence to uphold a conviction is whether viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. **Jackson v. Virginia**, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979). See La. C.Cr.P. art. 821(B); **State v. Ordodi**, 2006-0207 (La. 11/29/06), 946 So. 2d 654, 660. The **Jackson** standard of review, incorporated in Article 821, is an objective standard for testing the overall evidence, both direct and circumstantial, for reasonable doubt. When analyzing circumstantial evidence, La. R.S. 15:438 provides that the factfinder must be satisfied that the overall evidence excludes every reasonable hypothesis of innocence. **State v. Patorno**, 2001-2585 (La. App. 1st Cir. 6/21/02), 822 So. 2d 141, 144.

It shall be unlawful for a person to produce, promote, advertise, distribute, possess, or possess with the intent to distribute pornography involving juveniles. La. R.S. 14:81.1(A)(1). Pornography involving juveniles is a general intent crime. See **State v. Cinel**, 94-0942 (La. 11/30/94), 646 So. 2d 309, 316, cert. denied, 516 U.S. 881, 116 S. Ct. 215, 133 L. Ed. 2d 146 (1995). General criminal intent is present when the circumstances indicate that the offender, in the ordinary course of

human experience, must have adverted to the prescribed criminal consequences as reasonably certain to result from his act or failure to act. La. R.S. 14:10(2). **Id.** at 314.

The element of possession includes both "actual" and "constructive" possession. **State v. Sandifer**, 95-2226 (La. 9/5/96), 679 So. 2d 1324, 1331. A person who is not in physical possession may have constructive possession when the contraband is under that person's dominion and control. In determining whether a defendant exercised dominion and control sufficient to constitute constructive possession, the fact finder may consider, among other factors, the defendant's knowledge of the contraband and his access to the area where the contraband is found. **State v. Becnel**, 2016-1297 (La. App. 1st Cir. 4/20/17), 220 So. 3d 27, 30, writ denied, 2017-1023 (La. 3/9/18), 238 So. 3d 451. Guilty knowledge may be inferred from the circumstances of the case. **State v. Pigford**, 2005-0477 (La. 2/22/06), 922 So. 2d 517, 521 (*per curiam*). A person may be in joint possession of contraband if he willfully and knowingly shares with another the right to control the contraband. **Becnel**, 220 So. 3d at 30-31.

The defendant herein does not deny that the video files on the computer hard drives in his home contained child pornography. He contends, rather, that the State failed to prove that he knowingly possessed child pornography. The defendant suggests there was no direct evidence that he was aware of the presence of contraband on his devices, namely the hard drives. According to the defendant, the lack of ability to view the contents of the hard drives was indicative of no intent to possess the child pornography. That is, the "presence of the inert pile of electronic devices" in his apartment did not equate to his knowing possession of the contraband images "found hidden therein."

Upon review of all the evidence presented in this case, we find the State proved the defendant was in knowing possession of child pornography. The

7

evidence established that the defendant, through a P2P network, downloaded video files of child pornography on whatever computer he was using, likely in 2012. The Attorney General's Office tracked the transmission of these video files during this time and learned that the IP address being used to obtain these files belonged to the defendant. The IP address was tied to the physical location of the defendant's apartment in Tickfaw, which he had been living in for six years.

Ferguson also testified about internet history from 2005 found on the defendant's Maxtor hard drive. These were not the same videos found in the recycle bin of the Maxtor hard drive and played for the jury. One of the file names in the 2005 internet history was: "unwrapping a prize, dash man undresses and feels up 12yoniceassbigpussyredgaping . . . PTHCPedo.MPG." Ferguson explained that PTHC stood for preteen hardcore, and "Pedo" was short for pedophile. Another file name in the defendant's internet history was: "elevenyodutchpreteenp.ingfillednudesaunarapeanallolitaPTCHpedochildporninces t(155.MPG)."

It is true, as the defendant noted, that the hard drives containing child pornography that were found in his apartment by law enforcement officers were not connected to anything. That is, they were not inside of a computer tower, connected to any power source or video monitor. As such, the hard drives, as found and seized, could not be viewed by the defendant. Several photographs were also taken of various items in the defendant's apartment. Ferguson conceded in his testimony that none of the various devices or objects in these photos could power up a hard drive or be used to connect any of the hard drives to each other, or to any other device seized, including the defendant's Apple MacBook, the laptop computer the defendant had been using at the time the hard drives were seized from his apartment.

The jury rationally concluded that, despite the defense theory to the contrary,

8

the defendant had intentionally downloaded child pornography, viewed those videos on his computer, and kept on various hard drives pictures and videos of his choosing. The child pornography computer video files that were shown to the jury were found on the defendant's Maxtor hard drive, which was in the defendant's possession.

Based on the testimonial and physical evidence, the jury found the defendant guilty, which was a direct refutation of the defendant's account of ignorance or lack of knowledge. The trier of fact is free to accept or reject, in whole or in part, the testimony of any witness. The trier of fact's determination of the weight to be given evidence is not subject to appellate review. An appellate court will not reweigh the evidence to overturn a factfinder's determination of guilt. **State v. Talley**, 2018-1300 (La. App. 1st Cir. 5/9/19), 277 So. 3d 397, 403. We are constitutionally precluded from acting as a "thirteenth juror" in assessing what weight to give evidence in criminal cases. **State v. Mitchell**, 99-3342 (La. 10/17/00), 772 So. 2d 78, 83. The fact that the record contains evidence which conflicts with the testimony accepted by a trier of fact does not render the evidence accepted by the trier of fact insufficient. **State v. Nixon**, 2017-1582 (La. App. 1st Cir. 4/13/18), 250 So. 3d 273, 291, writ denied, 2018-0770 (La. 11/14/18), 256 So. 3d 290. In the absence of internal contradiction or irreconcilable conflict with the physical evidence, one witness's testimony, if believed by the trier of fact, is sufficient to support a factual conclusion. **State v. Higgins**, 2003-1980 (La. 4/1/05), 898 So. 2d 1219, 1226, cert. denied, 546 U.S. 883, 126 S. Ct. 182, 163 L. Ed. 2d 187 (2005).

Particularly, faced with conflicting expert opinions, the jury was entitled to accept whichever one, in their opinion, better explained the facts of the case. See La. C.E. art. 702. An appellate court should not disturb the jury's choice to accept one expert's opinion unless that opinion is patently unsound. **State v. Becnel,**

9

2017-591 (La. App. 5th Cir. 6/27/18), 250 So. 3d 1207, 1229.

When a case involves circumstantial evidence and the jury reasonably rejects the hypothesis of innocence presented by the defense, that hypothesis falls, and the defendant is guilty unless there is another hypothesis which raises a reasonable doubt. **State v. Moten**, 510 So.2d 55, 61 (La. App. 1st Cir.), writ denied, 514 So. 2d 126 (La. 1987). The jury heard all of the testimony and viewed the evidence presented to it at trial and found the defendant guilty. In finding the defendant guilty, the jury clearly rejected the defense's theory of innocence. See **Moten**, 510 So. 2d at 61. See **State v. Weary**, 2003-3067 (La. 4/24/06), 931 So. 2d 297, 311-12, cert. denied, 549 U.S. 1062, 127 S. Ct. 682, 166 L. Ed. 2d 531 (2006).

After a thorough review of the record, we find the evidence supports the jury's unanimous guilty verdicts. We are convinced that viewing the evidence in the light most favorable to the State, any rational trier of fact could have found beyond a reasonable doubt, and to the exclusion of every reasonable hypothesis of innocence, that the defendant was guilty of six counts of possession of pornography involving juveniles. See **State v. Calloway**, 2007-2306 (La. 1/21/09), 1 So. 3d 417, 418 (*per curiam*). This assignment of error is without merit.

Accordingly, we affirm the defendant's convictions and sentences.

**CONVICTIONS AND SENTENCES AFFIRMED.**