# STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

## 2020 KA 0587

## STATE OF LOUISIANA

## VERSUS

## SHAWN J. BECNEL

**Judgment Rendered:**   APR 1 6 2021

\* \* \* \* \* \*

On Appeal from the Twenty-Second Judicial Trial Court
In and for the Parish of Washington
State of Louisiana
Docket No. 14 CR4 125300

Honorable Martin E. Coady, Judge Presiding

\* \* \* \* \* \*

Warren L. Montgomery
Trial Attorney
J. Bryant Clark, Jr.
Matthew Caplan
Assistant District Attorney
Covington, LA
John Alford
Assistant District Attorney
Franklinton, LA

Counsel for Appellee
State of Louisiana


Mary Constance Hanes
Louisiana Appellate Project
New Orleans, LA

Counsel for Defendant/Appellant
Shawn J. Becnel

\* \* \* \* \* \*

**BEFORE: GUIDRY, McCLENDON, AND LANIER, JJ.**

**MCCLENDON, J.**

The defendant, Shawn J. Becnel, was charged by an amended bill of information with two counts of indecent behavior with a juvenile victim under the age of thirteen, violations of LSA-R.S. 14:81(H)(2) (counts one and two),[1] and initially pled not guilty. The defendant filed a motion for preliminary examination, a motion to suppress evidence, a motion to suppress statement, and a motion to suppress identification. After a combined hearing on the motion for preliminary examination and motion to suppress evidence, the trial court found probable cause, denied the defendant's motion to suppress evidence, and held open the motion to suppress identification.[2] The defendant subsequently withdrew his former not guilty pleas and pled guilty as charged on both counts pursuant to **State v. Crosby**, 338 So.2d 584 (La. 1976).[3] The trial court sentenced the defendant to seven years imprisonment at hard labor on each count, to run concurrently, with two years to be served without the benefit of probation, parole, or suspension of sentence. The defendant was notified of the requirement to register as a sex offender.

The defendant now appeals, asserting as error that the trial court failed to rule on his motion to suppress identification and that the police employed a suggestive identification procedure. In assignment of error number one, the defendant specifically contends that the case must be remanded for a hearing on the motion to suppress identification. Alternatively, in the event that this court treats the trial court's lack of a ruling as a denial of the motion, in assignment of error number two, the defendant argues that the motion to suppress identification

---

[1] The defendant was also charged with one count of possession of pornography involving juveniles (count three as amended). Count three was severed from counts one and two, and the defendant proceeded to trial by jury on count three only. The jury found the defendant guilty of the lesser offense of attempted possession of pornography involving juveniles. He appealed, and this court affirmed the conviction and sentence on count three. **State v. Becnel**, 2016-1297 (La.App. 1 Cir. 4/20/17), 220 So.3d 27, writ denied, 2017-1023 (La. 3/9/18), 238 So.3d 451.

[2] There was no mention of the motion to suppress statement in the minutes or transcript of the hearing.

[3] The defendant did not state the adverse ruling he wished to appeal. This issue will be further discussed herein, in addressing assignment of error number one.

2

should have been granted on its merits. For the following reasons, we remand for further proceedings.

## STATEMENT OF FACTS

Since the defendant pled guilty as charged on both counts, the facts were not fully developed in this case. At the **Boykin**[4] hearing, the defense attorney, the State, and the trial court agreed to adopt the facts adduced at the motion to suppress hearing as a factual basis. In accordance with the bill of information and testimony presented at the motion to suppress evidence hearing, the following took place. Detective David Miller of the Bogalusa Police Department (BPD) participated in the investigation and arrest of the defendant. The investigation began after the BPD received a complaint regarding a male subject exposing himself to young children in front of a church. Detective Miller noted that early on in the investigation, the defendant was questioned by officers in the area, as he fit the description provided by the children. The defendant was later brought in for questioning, line-ups were conducted, and the defendant was positively identified as the person who exposed himself to the children.

Regarding the line-ups, Detective Miller confirmed that he assembled a photographic array consisting of six photos of white male subjects, including the defendant, and emailed it to the parents of all four victims and to detectives in Meridian and Houma, where three of the children lived. The parents were instructed to print the email and show the line-up to the children. Two of the children, both female, positively identified the defendant as the perpetrator, while the two male children were unable to make an identification. One of the children who made a positive identification lived in Meridian and the other lived in Bogalusa. The child from Meridian made an additional identification of the defendant from the photographic line-up assembled by Detective Miller at the police station in Meridian, in the presence of a detective, though Detective Miller testified he was unsure of the order in which she made the two identifications.

---

[4] **Boykin v. Alabama**, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

3

## ASSIGNMENT OF ERROR NUMBER ONE

In assignment of error number one, the defendant argues that the case must be remanded to the trial court for a ruling on his motion to suppress identification. The defendant notes that at the conclusion of the motions hearing, the trial court denied his motion to suppress evidence but made no ruling on his separate motion to suppress identification, stating the motion was "ongoing." The defendant claims that he made an objection to what he calls the trial court's "refusal" to rule on the motion to suppress. He notes that as far as can be determined, the trial court never ruled on the motion to suppress identification. Citing several cases that were remanded for a ruling on a motion to suppress, the defendant contends that "[i]n cases where appeal is taken on a suppression issue, it is axiomatic that appellate review is not possible in the absence of a district court's ruling on the motion to suppress." The defendant asks this court to follow the procedure taken in **State v. Ruffin**, 2011-1698 (La.App. 1 Cir. 5/3/12), 2012 WL 1564610, at *2 (unpublished), and specifically limit the trial court to a period of thirty days in which to rule on the motion to suppress identification or hold a new hearing on the matter. In response, the State filed an appellee brief arguing that the motion to suppress identification was abandoned by the defendant.

It is well settled that a plea of guilty normally waives all non-jurisdictional defects in the proceedings prior to the plea. **Crosby**, 338 So.2d at 586. However, the defendant is allowed to condition his guilty plea upon the appellate review of specified pre-plea errors. The defendant must specifically reserve the right for appellate review of any rulings of the trial court prior to entering his guilty plea. **State v. Williams**, 2013-1788 (La.App. 1 Cir. 5/2/14), 2014 WL 1778362, at *1 (unpublished); see also **State v. Aguillard**, 357 So.2d 535, 537 (La. 1978); **Crosby**, 338 So.2d at 588.

However, the Louisiana Supreme Court has held that "[a] defendant's failure to specify which pre-trial rulings he desires to reserve for appeal as part of a guilty plea entered pursuant to [**Crosby**], may limit the scope of appellate review but should not preclude review altogether." **State v. Joseph**, 2003-315 (La.

4

5/16/03), 847 So.2d 1196 (per curiam). Absent a detailed specification of which adverse pretrial rulings the defendant reserved for appellate review as part of his guilty plea, an appellate court should presume that the trial court permitted a **Crosby** reservation no broader than necessary to effectuate the underlying purpose of conditional guilty pleas, i.e., to preserve review of evidentiary rulings that "go to the heart of the prosecution's case" that a defendant would otherwise waive by entering an unqualified guilty plea. Such rulings typically include denial of a motion to suppress evidence or a confession and exclude rulings that may affect the conduct of trial but which do not substantially relate to guilt, such as the denial of a continuance or severance. **Joseph**, 847 So.2d at 1196-97.

Thus, in this case, because the defendant failed, at the time that he entered his plea pursuant to **Crosby**, to specify which pretrial ruling he desired to preserve for appeal, this court is limited to a review of evidentiary rulings that "go to the heart of the prosecution's case." **Joseph**, 847 So.2d at 1196-97; **Williams**, 2014 WL 1778362, at *1. However, while the issue raised in the instant appeal goes to the heart of the prosecution's case, as defendant concedes, the record shows there was no ruling on the motion.[5]

In asking this court to remand for a ruling on his motion to suppress identification, the defendant cites **State v. Walton**, 2006-2553 (La. 6/1/07), 957 So.2d 133 (per curiam) and **Ruffin**. In **Walton**, the defendant entered his guilty plea under **Crosby**, specifically reserving his right to appeal the issue of whether the police lawfully seized the evidence against him. **Walton**, 957 So.2d at 134. In the underlying appellate opinion, because the trial court did not conduct a hearing on the defendant's motion to suppress, nor did it rule on the

---

[5] As aforementioned, the record shows that on April 8, 2015, the trial court conducted a hearing on the motion to suppress evidence and the motion for preliminary examination but held open the motion to suppress identification for a later, unspecified date. After denying the motion to suppress evidence, the trial court expressly stated that it was not ruling on the motion to suppress identification, noting that it was ongoing. At that point, the defense attorney stated, "Note our objection, please." The trial court then ruled on the motion for preliminary examination, finding probable cause. At that point, the defense attorney stated, "Note our objection on the motion to suppress identification." The trial court noted the objection. As indicated, the defendant subsequently pled guilty under **Crosby**, without seeking a ruling on the motion or specifying the pre-plea ruling being reserved.

constitutionality of the seizure, this court determined there was nothing before us to review on the **Crosby** reservation. Thus, this court determined that a material condition of the guilty plea had failed, set the plea aside, and remanded the case for further proceedings, although the defendant had not asked for that result. **State v. Walton**, 2005-2175 (La.App. 1 Cir. 9/20/06), 937 So.2d 936 (unpublished).

In a subsequent writ application to the Louisiana Supreme Court, the defendant in **Walton** argued that a *nunc pro tunc* hearing on the motion to suppress and a ruling by the trial court on the validity of the search and seizure might cure any defect in the guilty plea proceedings and thereby avoid vacating the guilty plea. The Louisiana Supreme Court agreed, and remanded the case to the trial court to conduct a hearing on the motion to suppress and for a ruling on the merits of the search issue. The Louisiana Supreme Court further noted, "In the event of an adverse ruling on his motion, the trial court shall maintain the guilty plea and defendant may again appeal his conviction and sentence to the court of appeal on the basis of his original *Crosby* reservation." **Walton**, 957 So.2d at 134; **State v. Guillory**, 2006-2544 (La. 6/1/07), 957 So.2d 132-33 (per curiam).[6]

The defendant also cites **State v. Floyd**, 2007-0216 (La. 10/5/07), 965 So.2d 865 (per curiam) on appeal. The underlying appellate decision reveals that similar to the instant case, the defendant therein pled guilty under **Crosby** and **North Carolina v. Alford**, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), without specifying what pre-plea ruling was being reserved. On appeal, however, defense counsel argued that the defendant's plea was conditioned on his ability to obtain appellate review of the motion to suppress, on which the trial court did not

---

[6] In **Guillory**, the defendant therein failed to file a motion to suppress, but nonetheless reserved the right to appeal the issue of whether police lawfully seized evidence against him. On appeal, this Court affirmed the defendant's conviction and sentence. However, to effectuate the defendant's **Crosby** reservation, the Louisiana Supreme Court vacated the judgment of this Court and remanded the case to the trial court to allow the defendant an opportunity to file a motion to suppress to challenge the validity of the seizure. The Supreme Court noted that if defendant failed to file such a motion, he would be deemed to have abandoned his **Crosby** reservation. **Guillory**, 957 So.2d at 33.

rule. **State v. Floyd**, 2006-0657 (La.App. 5th Cir. 12/27/06), 946 So.2d 325, 327. Defense counsel further argued that the guilty plea was rendered involuntary and should be vacated, as the defendant could not obtain appellate review due to the trial judge's failure to rule on the motion. The State argued that the defendant had waived his right to appeal the assigned errors on the motion to suppress, because he did not obtain a ruling on his motion prior to entering his guilty plea. The State also argued that the record did not reflect that the defendant reserved his right to appeal any specific pre-plea ruling, particularly, the suppression issue. The appellate court noted the Louisiana Supreme Court's holding in **Joseph**, 847 So.2d at 1196-97, that a defendant's failure to specify which pre-trial rulings he desires to reserve on appeal as part of a **Crosby** plea should not totally preclude appellate review. **Id.** Stating that the reservation of appellate review rights was an important part of the plea and that the record supported the defendant's position that he believed the appellate court would review his allegations of defect in the search and seizure, the appellate court in **Floyd** found that the defendant's plea was involuntary and set aside the plea. **Floyd**, 946 So.2d at 328-30.

On writ of review, the Louisiana Supreme Court found that the Fifth Circuit Court of Appeal erred in vacating the defendant's guilty plea and sentence in **Floyd** and reversed the appellate court's ruling. Despite the lack of specificity in the defendant's **Crosby** reservation, the Supreme Court nonetheless remanded the case to the trial court for a hearing on the motion to suppress and for a ruling on the merits of the search issue. As in **Walton**, the court in **Floyd** in part noted, "In the event of an adverse ruling on his motion, the trial court shall maintain the guilty plea and defendant may again appeal his conviction and sentence to the court of appeal on the basis of his original *Crosby* reservation." **Floyd**, 965 So.2d at 865.

Considering the above, we find that the record establishes that defendant pled guilty under **Crosby**, believing that he was reserving the right to appeal. While the defendant did not specify what pre-plea ruling was being reserved, on appeal, he asserts that his plea was conditioned on his ability to obtain appellate

7

review of the motion to suppress identification. See **Floyd**, 946 So.2d at 327. As the motion to suppress identification goes to the heart of the State's case, appellate review is not possible in the absence of a trial court ruling on the motion to suppress identification. Therefore, the defendant's case must be remanded for such a ruling. Accordingly, this case is remanded to the trial court for purposes of conducting a hearing on the motion to suppress identification and for a ruling on the merits of the issue. If the court rules favorably to the defendant on the motion, it shall provide him with the opportunity of withdrawing his guilty pleas and pleading anew. In the event of an adverse ruling on his motion, the trial court shall maintain the guilty pleas and defendant may again appeal his convictions and sentences to this court on the basis of his original **Crosby** reservation. See **Floyd**, 965 So.2d at 865; **Walton**, 957 So.2d at 134; **Guillory**, 957 So.2d at 132-33. Accordingly, we pretermit discussion of the merits of the motion to suppress the identification, asserted in assignment of error number two.

**REMANDED FOR PROCEEDINGS CONSISTENT WITH OPINION RENDERED HEREIN.**